# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **MARSHALL DESIGN-BUILD, LLC,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:09-cv-47 (HL) |
| | : | |
| **BRYANT'S MILLWRIGHTS CONSTRUCTION COMPANY INC. et al.,** | : | |
| | : | |
| Defendants. | : | |

## ORDER

### I.  INTRODUCTION

This case was commenced in this Court on April 1, 2009.  Consistent with the practices of this Court, the Complaint was subjected to an initial review.  Following review of the Complaint, the Court directs Plaintiff to amend the complaint consistent with the following.

Plaintiff, Marshall Design-Build, LLC, commenced this breach of contract and negligence action, invoking diversity jurisdiction.   The Complaint stated Plaintiff is an LLC "organized and existing to the laws of the State of Alabama with its principal place of business located at 4477 Atlanta Highway, Montgomery, Alabama 36109."  The Complaint stated the Defendants are both Georgia corporations with their principal place of business located in Georgia.  Plaintiff, an LLC, has not sufficiently alleged its own citizenship, and therefore, the Complaint fails to satisfy the prerequisites of subject matter jurisdiction.

## II.  DISCUSSION

### A.  Citizenship of a Limited Liability Company

District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C.A. § 1332(a) (West 2008).  For purposes of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business.  28 U.S.C.A. § 1332(c)(1) (West 2008).  Thus, pursuant to 28 U.S.C.A. § 1332, a corporation may be deemed to be a citizen of more than one state.

The citizenship of a limited liability company is not determined in the same manner as a corporation, however.  In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization.  Rolling Greens MHP v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004).  Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen.  Id. at 1022.  And, therefore, like a corporation, a limited liability company could be deemed a citizen of more than one state.  Furthermore, the party invoking federal jurisdiction bears the burden of establishing the citizenship of the parties.  Rolling Greens MHP, 374 F.3d at 1022 (citing Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)).  To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company.  Id.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003).  In examining the jurisdictional allegations

presented in the Complaint, the Court finds they are lacking. Plaintiff, an LLC, has failed to identify the citizenship of each of the members. As a result, this Court is unable to ascertain whether complete diversity of citizenship exists, and therefore, the Complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiff should be allowed to amend in order to correct the deficiency noted. Accordingly, Plaintiff shall have twenty (20) days from the date of entry of this Order in which to file an amendment that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

### III.  CONCLUSION

For the aforementioned reasons, Plaintiff shall have twenty (20) days from the entry of this Order to correct the deficient allegations of citizenship.

**SO ORDERED**, this the 6th day of April, 2009.

*s/  Hugh Lawson*
 **HUGH LAWSON, JUDGE**

wjc